UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

KELLY PHILLIPS, LUISA GINSBERG,  )
CRISTINA PARET, YAHILIN CHIRINO,  )
and all other similarly situated under 29 USC  )
216(B),  )
       Plaintiffs,  )
  vs.  )
    )
M.I. QUALITY LAWN MAINTENANCE,  )
INC. MITCHELL'S LAWN MAINTENANCE  )
CORP. and MITCHELL IGELKO  )
    )
       Defendants  )

## COMPLAINT   UNDER 29 U.S.C. 201- 216(B)—OPT IN COMPLAINT

COME NOW Plaintiffs, by and through undersigned counsel, and state:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendants reside in and/or regularly transacts business within Dade County. Upon information and belief, the Defendants were the FLSA employers of Plaintiffs for the relevant time period.

4. Defendants M.I. Quality Lawn Maintenance, Inc. and Mitchell's Lawn Maintenance Corp were operated out of the same location, shared the same office staff and were operated for a unified common business purpose.

5. Defendant Mitchel Igelko was/is the president and owner of both Corporate Defendants and ran the day to day operations of both Corporate Defendants for the relevant time period and was responsible for paying each Plaintiff's wages.

**FEDERAL STATUTORY VIOLATION (OVERTIME AND MINIMUM WAGES )**

6. This action arises under the laws of the United States. Upon information and belief, there are several other employees of the Defendants who have worked in excess of forty hours weekly for the Defendants but have not been paid overtime wages and/or minimum wages as required by the FLSA and the Florida Constitution. Therefore, the Plaintiffs brings this complaint as a collective action under 29 U.S.C. 216(B).

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement), as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

8. 29 U.S.C. § 206 (a) (1) states "… [e]very employer shall pay to each of his employees ….: (1) except as otherwise provided in this section, not less than - (A) $ 5.85 an hour, beginning on the 60th day after the date of enactment of the Fair Minimum Wage Act of 2007 [enacted May 25, 2007]; (B) $ 6.55 an hour, beginning 12 months after that 60th day; and (C) $ 7.25 an hour, beginning 24 months after that 60th day. From 1997 through July 23, 2007, the Federal Minimum Wage was $5.15 an hour. On July 24, 2007 the Federal Minimum Wage was increased for $5.85 an hour. On July 24, 2008 the Federal Minimum Wage was increased to $6.55 an hour. On July 24, 2009 the Federal Minimum Wage was increased to $7.25 an hour.

9. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a minimum wage at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wage under the federal

Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

10. Florida Statute §448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1." As of May 2nd, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006, Florida Minimum Wage was increased to $6.40 an hour. On January 1, 2007 Florida Minimum Wage was increased to $6.67 an hour. On January 1, 2008 Florida Minimum Wage was increased to $6.79 an hour. On January 1, 2009 Florida Minimum Wage was increased to $7.21 an hour. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

11. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

12. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Each Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials that they used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to each Plaintiff's use of the

same. Each Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to each Plaintiff's work for the Defendants.

13. Upon information and belief, the Defendants grossed over $500,000 annually for the relevant time period. Defendants regularly employed two or more employees for the relevant time period who handled goods that travelled through interstate commerce.

14. Plaintiff Kelly Phillips, Yahilin Chirino, Luisa Ginsberg and Cristina Paret were employed as office workers for Defendants. Plaintiff Kelly Phillips was initially hired as a secretary helper, than became a full time secretary and than was later given the title of comptroller which was a title in name only. Plaintiff Yahilin Chirino, and Luisa Ginsberg were employed as secretaries for the Defendants while Plaintiff Cristina Paret handled accounts payable for the Defendants..

15. Plaintiff Yahilin Chirino began working for the Defendants from on or about 10/24/05 to on or about 2/10/09. Plaintiff Yahilin Chirino was paid at a rate of $11/hr from the time she started working for Defendants until on or about October 6, 2008 when her hourly rate was decreased to $10/hr. During Plaintiff's period of her employment with Defendants, Plaintiff was not compensated for 7.5 hours of work performed weekly for Defendants which constitutes a minimum wage violation pursuant to the Florida Constitution and the Fair Labor Standards Act.

16. Plaintiff Luisa Ginsberg began working for the Defendants from on or about July 2006 to on or about August 2007. Plaintiff Luisa Ginsberg was initially paid at a rate of $12/hr and than received raises to where she was receiving $15/hr during her employment with Defendants. Plaintiff worked an average of 48 hours a week and During Plaintiff's period

of her employment with Defendants, Plaintiff was not compensated for 8 overtime hours of work performed each week and is therefore claiming time and half for each and every hour worked above forty weekly.

17. Plaintiff Kelly Phillips began working for the Defendants between the approximate dates of March 2003 to on or about 8/03/09. Plaintiff Kelly Phillips was paid at a rate of $19.50/hr during her employment with the Defendants. Between the dates of August 20, 2006 to on or about February 2008 Plaintiff worked an average of 45 hours a week but was not paid any wages at all for 5 hours of work performed each week for which Plaintiff is claiming time and a half. Additionally between he dates of February 2008 to on or about August 3, 2009, Plaintiff was not paid for at least 2.5 hours of work each week which constitutes a minimum wage violation pursuant to the Florida Constitution and the Fair Labor Standards Act.

18. Plaintiff Cristina Paret began working for the Defendants between the approximate dates of March 2008 to December 2008. Plaintiff Cristina Paret was paid at a rate of $11/hr, but was not paid for 5 hours worth of work each week which constitutes a minimum wage violation pursuant to the Florida Constitution and the Fair Labor Standards Act.

19. Defendants willfully and intentionally refused to pay each Plaintiff the overtime wages and minimum wages as required by the law of the United States and the Florida Constitution as set forth above and remains owing each Plaintiff these overtime wages since the commencement of each Plaintiff's employment with Defendants until the end as stated above. Defendants failed to post notice apprising the Plaintiffs of their rights to overtime wages for the relevant time period.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and the Florida Constitution as cited above, to be proven at the time of trial for all overtime wages and minimum wages still owing from each Plaintiff's entire employment period with each Defendant or, as much as allowed by the Fair Labor Standards Act and all amounts that were not properly deducted from Plaintiffs wages --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. The Plaintiffs request a trial by jury.

## COUNT II: RETALIATION
## UNDER 29 USC 215(A)(3) AS TO KELLY PHILLIPS

20. Plaintiffs, by and through undersigned counsel, re-adopts Paragraphs 1-19 above and further states the following.

21. On August 26, 2009 Plaintiff Kelly Phillips attempted to opt-in to the Complaint filed as case number 09-22243. [D.E. 10].

22. On 12/10/09 Defendant Mitchell's Lawn Maintenance Corp. filed a lawsuit against Kelly Phillips in the Circuit Court in the Eleventh Judicial Circuit, case number 09-89205-CA-01 for the return of materials Defendants allege that Kelly Phillips took from Defendants premises upon the termination of her employment.

23. Defendants premises was monitored by video and other office workers worked nearby Plaintiff on the date Plaintiff was fired.

24. Defendants do not have any basis for the claim filed in Circuit Court as Defendants have not produced any evidence such as eye witnesses or the video tape of said alleged activity and said case was solely filed to harass Plaintiff Kelly Phillips.

25. The motivating factor in Defendants filing said claim against Plaintiff Kelly Phillips was due to Plaintiff Kelly Phillips attempt at asserting a claim for overtime wages.

26. The filing of said claim against Plaintiff Kelly Phillps as discussed above is in direct violation of 29 U.S.C. 215 (A)(3) because the motivating factor for the filing of the claim in Circuit Court was due to Plaintiff's demand for her legally mandated wages and, as a result, Plaintiff has been damaged.

WHEREFORE, THE PLAINTIFF PHILLIPS REQUESTS JUDGMENT AGAINST THE DEFENDANTS JOINTLY AND SEVERALLY, ATTORNEY'S FEES, COSTS AND LIQUIDATED DAMAGES, INJUNCTIVE RELIEF PROHIBITING THE DEFENDANTS FROM DISCRIMINATING IN THE MANNER DESCRIBED ABOVE, EMOTIONAL DISTRESS AND HUMILIATION AND PAIN AND SUFFERING, AS WELL AS ALL OTHER DAMAGES RECOVERABLE BY LAW 29 U.S.C. 216(B). EACH PLAINTIFF REQUESTS A **TRIAL BY JURY**.

### COUNT III: RETALIATION UNDER 29 USC 215(A)(3) AS TO LUISA GINSBERG

27. Plaintiffs, by and through undersigned counsel, re-adopts Paragraphs 1-19 above and further states the following.

28. On August 26, 2009 Plaintiff Luisa Ginsberg attempted to opt-in to the Complaint filed as case number 09-22243. [D.E. 10].

29. Thereafter, Defendant Mitchell Igelko began harassing Plaintiff by sending letters and visiting Plaintiff's new job attempting to collect on a loan to Plaintiff which has already been repaid through deductions in Plaintiff's weekly paycheck while she was employed by Defendants.

30. The motivating factor in Defendants attempt to collect on a repaid loan to Plaintiff Javier Luisa Ginsburg was due to Plaintiff Luisa Ginsburg asserting a claim for overtime wages.

31. The harassment of the Plaintiff as discussed above is in direct violation of 29 U.S.C. 215

(A)(3) because the motivating factor for said harassment was Plaintiff's demand for her legally mandated wages and, as a result, Plaintiff has been damaged.

WHEREFORE, THE PLAINTIFF LUISA GINSBURG REQUESTS JUDGMENT AGAINST THE DEFENDANTS JOINTLY AND SEVERALLY, ATTORNEY'S FEES, COSTS AND LIQUIDATED DAMAGES, INJUNCTIVE RELIEF PROHIBITING THE DEFENDANTS FROM DISCRIMINATING IN THE MANNER DESCRIBED ABOVE, EMOTIONAL DISTRESS AND HUMILIATION AND PAIN AND SUFFERING, AS WELL AS ALL OTHER DAMAGES RECOVERABLE BY LAW 29 U.S.C. 216(B). EACH PLAINTIFF REQUESTS A **TRIAL BY JURY**.

Respectfully Submitted,
J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71ST STREET #605
MIAMI BEACH, Fla. 33141
(305)865-6766

By:__/s/ J.H. Zidell_____
   J.H. Zidell, Esq.
   Florida Bar Number: 0010121