**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 10-20698-CIV-SEITZ/O'SULLIVAN**

KELLY PHILLIPS, LUISA GINSBERG, )
CRISTINA PARET, YAHILIN CHIRINO, )
and all other similarly situated under 29 USC )
216(B), )
    Plaintiffs, )
  vs. )
 )
 )
M.I. QUALITY LAWN MAINTENANCE, )
INC. MITCHELL'S LAWN MAINTENANCE)
CORP. and MITCHELL IGELKO )
 )
    Defendants )

## PLAINTIFFS MOTION FOR SUMMARY JUDGMENT

COME NOW Plaintiffs, by and through undersigned counsel, and state that Plaintiffs are entitled to summary judgment as to the below described issues, pursuant to Southern District Local Rule 7.5 and FRCP 56, and shows the Court that there are no genuine issues of material fact to preclude summary judgment as to such issues as follows:

1. Plaintiffs brought this claim for non payment of minimum and overtime wages, and retaliation pursuant to the Fair Labor Standards Act.

2. Plaintiffs move for summary judgment on the following three issues:

 1) Defendant Mitchell Igelko was Plaintiffs employer as defined by the Fair Labor Standards Act.

 2) Mitchell's Lawn Maintenance Corp and M.I. Quality Lawn Maintenance, Inc. were Plaintiffs joint employers.

 3) Mitchell's Lawn Maintenance Corp and M.I. Quality Lawn Maintenance, Inc. are enterprises covered under the Fair Labor Standards Act.

<u>**MEMORANDUM OF LAW**</u>

A.      <u>**Summary Judgment Standard.**</u>

"Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)). Accepting this evidence as truthful, the Court must view the record and all factual inferences there from in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251-52)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (citing First *Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288 (U.S. 1968)); *see also Anderson*, 477 U.S. at 247-48 ("the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact").

B.  <u>**Defendant Mitchell Igelko was Plaintiffs employer:**</u>

The FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d). The term "employer" ought be interpreted more broadly under the Act than common law for remedial purposes. *See, e.g., Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2nd Cir. 1999); *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 965 (6th Cir. 1991), *citing McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989); *Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983); *Falk v. Brennan*, 414 U.S. 190, 195 (1973).

Further, multiple employers may be responsible for compliance with the FLSA within one business organization. *See*, *Elliott Travel & Tours, Inc.,* 942 F.2d at 965; *Agnew*, 712 F.2d at 1510. "[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA." *Figueroa v. America's Custom Brokers, Inc.,* 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986). In the Eleventh Circuit, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel*, 803 F.2d at 637-38, *quoting Agnew*, 712 F.2d at 1511.

Financial control over a corporation is a significant factor in determining "employer" status. See, *Elliot Travel & Tours*, 942 F.2d 966 (6th Cir. 1991); *Donovan v. Grim Hotel Co*., 747 F.2d 966, 972 (5th Cir. 1984)(imposing FLSA liability on a "top man" who guided corporate policies and controlled "purse strings"); *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 193-95 (5th Cir. 1983)(liability for controlling finances and dominating the administration); *Dole v. Simpson*, 784 F. Supp. 538, 545-47 (S.D. Ind. 1991).

Personal liability may also arise from significant ownership interest coupled with operational control. *See, Agnew*, 712 F.2d at 1514. Liability may also be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control. *Herman*, 172 F.3d at 139, *quoting*, *Donovan v. Janitorial Servs, Inc.,* 672 F.2d 528, 531 (5th Cir. 1982). See also *Olivas v. A Little Havana Check Cash, Inc.*, 324 Fed. Appx. 839, 846 (11th Cir. Fla. 2009).

In the case at hand, Defendant Mitchell is the owner of M.I. Quality Lawn Maintenance, Inc. and has been the owner of M.I. Quality Lawn Maintenance, Inc. for at least the last five years. [Igelko Depo. P. 6]. Mitchell Igelko is the president of both Mitchell's Lawn Maintenance Corp and M.I. Quality Lawn Maintenance, Inc. [Igelko Depo. P. 29]. Mitchell Igelko is the sole and exclusive owner of both Mitchell's Lawn Maintenance Corp and M.I. Quality Lawn Maintenance, Inc. for at least the last five years. [Igelko Depo. P. 29-30]. As the owner and president of both companies, Mitchel Igelko described his duties as "I am the owner. I basically get contracts. I put out fires out there when there is problems with the customers, like PR work, and try to smooth out things, problems. I do everything that it takes to basically run the company." [Igelko Depo. P. 30]. Mitchell Igelko runs the day-to-day operations of both companies through his supervisors and controller. [Igelko Depo. P. 31]. Over the past four years Mitchell Igelko has met with his supervisors and controller on a daily basis. [Igelko Depo. P. 31]. Over the past five years Mitchell Igelko has gone to the office of where said businesses are located on average 5 -6 days a week. After going to the office each morning, Mr. Igelko then proceeds to go to the field to check on the work that his men are performing. [Igelko Depo. P. 33-34]. Over the last four years, with the exception of 2 to 3 salespeople who worked for Defendants anywhere from 2 weeks to 3 months in total, Mr. Igelko was the one that would be

responsible for getting all the work/contracts for the Defendant companies. [Igelko Depo. P. 35-36]. Over the past four years, Mr. Igelko goes out to the field on a daily basis to insure that the work is being done correctly on behalf of both Defendant Corporations. [Igelko Depo. P. 56]. Over the last four years, Mr. Igelko was the one to sign all employee paychecks for both Mitchell's Lawn Maintenance Corp and M.I. Quality Lawn Maintenance, Inc. [Igelko Depo. P. 64]. When Jose Ernesto Mendoza would appear for work he would be given a list of the properties on which work would be performed that day by Mitchell Igelko. Mr. Igelko would be the one to determine which employees went out to which site. [Mendoza depo. 11-13].

As Mitchell Igelko is an owner and president of Defendants companies, is a signatory on the bank account, issued employee paychecks, supervised Plaintiffs work on a daily basis, determined which projects Plaintiffs would work on, supervised other managers and employees, obtained contracts for both companies on which Plaintiffs ultimately performed work on, he should be deemed an employer as defined by the Fair Labor Standards Act, and would therefore be deemed jointly and severally liable along with the Defendant corporations should a jury return a verdict in favor of Plaintiff.

**C.** **Mitchell's Lawn Maintenance Corp and M.I. Quality Lawn Maintenance, Inc. were Plaintiffs joint employers.**

An employee, as defined by 29 U.S.C. § 203(e)(1), is any individual employed by an employer. An employer includes any person acting directly or indirectly in the interest of an employer in relation to the employee. 29 U.S.C. § 203(d). Section 203(d) specifically permits joint employment relationships to be recognized for purposes of FLSA lawsuits. Several employers may be liable for an employee's overtime wages under the Fair Labor Standards Act. *See*, *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991). See also 29 CFR 791.2 **"…[**i]f the facts establish that the employee is employed jointly by two or more employers, i.e.,

that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act."

In the case at hand, Mitchell's Lawn Maintenance Corp and M.I. Quality Lawn Maintenance, Inc. are joint employers. Mitchell Igelko is the president of both Mitchell's Lawn Maintenance Corp and M.I. Quality Lawn Maintenance, Inc. [Igelko Depo. P. 29]. Mitchell Igelko is the sole and exclusive owner of both Mitchell's Lawn Maintenance Corp and M.I. Quality Lawn Maintenance, Inc. for at least the last five years. [Igelko Depo. P. 29-30]. Mitchell Igelko runs the day-to-day operations of both companies through his supervisors and controller. [Igelko Depo. P. 31]. M.I. Quality Lawn Maintenance, Inc. and Mitchell's Lawn Maintenance Corp are both run out of the same location, are both owned and operated by Mr. Igelko. [Igelko Depo. P. 53]. The difference between M.I. Quality Lawn Maintenance, Inc. and Mitchell's Lawn Maintenance Corp is that M.I. Quality Lawn Maintenance, Inc. is the one that obtains the contracts to perform lawn work and Mitchell's Lawn Maintenance Corp is the one that actually performs the work. [Igelko Depo. P. 29]. Over the last four years, M.I. Quality Lawn Maintenance, Inc., not only obtains new clients for Mitchell's Lawn Maintenance Corp., but has used its employees such as Jose Mendoza, to supervise the work of employees working for Mitchell's Lawn Maintenance Corp. [Igelko Depo. P. 54-55]. Anita Aviles is employed by Mitchell's Lawn Maintenance, but performs work for M.I. Quality Lawn Maintenance. [Aviles Depo. P. 9]. If M.I. Quality Lawn Maintenance, Inc. did not have sufficient funds to meet payroll, money would be transferred from the bank accounts of Mitchell's Lawn Maintenance Corp to meet payroll. [Aviles Depo. P. 72-73]. Jose Ernesto Mendoza works as supervisor for M.I. Quality Lawn Maintenance, Inc. stated "Now my checks come from M.I. Quality. Before

they used to come from Mitchell's Lawn Service. It is the same company." [Mendoza Depo P. 6].  Mr. Igelko, president and owner of both M.I. Quality Lawn Maintenance, Inc. and Mitchell's Lawn Maintenance Corp believes that M.I. Quality Lawn Maintenance, Inc. and Mitchell's Lawn Maintenance Corp filed joint tax returns. [Igelko Depo II, P. 42].

The two corporations are so intertwined with one and other as to their employment relationship with Plaintiffs, that they must be deemed to be Plaintiffs joint employer. The Defendant corporations share a common business purpose, lawn care/maintenance, have the same ownership, share employees, when the bank account for one corporation is short on funds, funds are transferred in from the other corporation's bank account,  they file joint tax returns for both corporations. To borrow the words of one of Defendants supervisors who is still employed by Defendants, "[i]t is the same company." [Mendoza Depo P. 6].  As a result, Defendant corporations should be deemed Plaintiffs' joint employer for the purposes of the FLSA and should held jointly and severally liable.

**D.** **Mitchell's Lawn Maintenance Corp believes that M.I. Quality Lawn Maintenance, Inc. and Mitchell's Lawn Maintenance Corp**

Based on email exchanges on November 11, 2010, the Parties have stipulated that M.I. Quality Lawn Maintenance, Inc. and Mitchell's Lawn Maintenance Corp are enterprises covered under the Fair Labor Standards Act and that no evidence regarding the $500,000 threshold or interstate commerce need be introduced at trial. [Exhibit A].  As such, Plaintiffs would request Summary Judgment be entered based on said stipulation, finding both corporations enterprises under the Fair Labor Standards Act.

WHEREFORE, Plaintiffs request that this Court enter Summary Judgment in Favor of Plaintiffs as to all issues raised in Plaintiffs' Motion for Summary Judgment as no issues of material fact exist precluding the entry of summary judgment in favor of Plaintiffs.

Respectfully submitted,

Daniel T. Feld, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ Daniel T. Feld  ____
    Daniel T. Feld, Esq.
    Florida Bar No.: 0037013

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing Plaintiffs Motion for Summary Judgment was sent via CM/ECF to Carmen Maria Rodriguez, Esq. 15715 S. Dixie Hwy, Suite 411, Miami, Florida 33157, fax: (305) 254-6048, email: crlaborlaw@gmail.com on this 17th day of December 2010.

Daniel T. Feld, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ Daniel T. Feld ____
    Daniel T. Feld, Esq.
    Florida Bar No.: 0037013