UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20506-CIV-SEITZ/SIMONTON
CASE NO. 10-20698-CIV-SEITZ/SIMONTON
CASE NO. 10-20975-CIV-SEITZ/SIMONTON

EDEL LEON,
JAVIER GONZALEZ,
KELLY PHILLIPS,
LUISA GINSBERG, and
LUIS SOLORZANO,

      Plaintiffs,

v.

M.I. QUALITY LAWN MAINTENANCE, INC.,
MITCHELL'S LAWN MAINTENANCE CORP., and
ADRIANA IGELKO, as guardian for
      MITCHELL IGELKO,

      Defendants.

_____/

## ORDER REGARDING FURTHER CONSIDERATION OF PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE SOLORZANO PAYROLL DOCUMENTS

This matter is before the Court *sua sponte.* For the reasons stated below, the undersigned has determined that the interests of justice require further argument regarding the admissibility of the Solorzano payroll documents.  At the conclusion of the trial proceedings on Friday, July 6, 2012, the undersigned addressed the issue of whether to exclude, based upon an alleged discovery violation, the paystubs and time cards listed as exhibits by the Defendants.  Based upon the oral argument presented, and stating that no written response to the Motion in Limine to exclude those documents had been filed with respect to either the original Motion in Limine to exclude the documents (DE # 61) or the subsequently filed Motion in Limine (DE # 102), the undersigned discussed the possible options regarding the documents–excluding the documents and questions based on the documents, as requested by Plaintiffs' counsel;

or, permitting questions regarding the documents and permitting the Defendants to seek their admission if the documents were properly authenticated, and permitting Plaintiffs to depose the  corporate representative prior to her testimony at trial.  The undersigned stated that her inclination was to permit the Defendants to cross-examine Mr. Solorzano regarding the hours he worked and the overtime paid, using details contained in those records; and, to show him the records to refresh his recollection; but, to not permit publication to the jury of the information contained in the documents, and to preclude their admission into evidence based upon the discovery violation and the prejudice resulting from the fact that Plaintiff Solorzano did not have the opportunity to depose the corporate representative before the close of discovery.

After the conclusion of the proceedings on Friday, July 6, 2012, the undersigned reviewed the complete record in this case and the relevant portions of the related cases, and listened to the audio recording of the relevant portions of the initial pretrial conference held on July 6, 2011, where the issue of these records was first raised.  At that hearing, counsel for the Defendants represented that there had been no discovery violation since all of the payroll records had been produced for copying when Plaintiffs made arrangements for copying, that this occurred at the end of the discovery period, that Plaintiffs had never sought to take the deposition of the corporate representative with respect to the records produced, and that there was no prejudice.  Defendants' counsel also represented that the existence of such records had been disclosed in the initial disclosures.  Co-counsel for the Plaintiffs (lead counsel was not present at the pretrial conference) disputed this, stating that no initial disclosures had ever been made in this case, and that the Solorzano records had not been produced until Defendants filed their response to Plaintiff's summary judgment motion.  At that time, the

undersigned stated that the dispute would not be resolved without further briefing. Since the Motion in Limine had not been filed until the day of that pretrial conference, the Defendants were permitted to file a written response to the Motion, and the Plaintiff was permitted to reply.  A written Order memorialized this ruling, stating that the issue regarding the Solorzano payroll records would be resolved "after the parties have filed their respective responsive pleadings."  (DE # 64).

Contrary to the statement of the undersigned during the proceedings on Friday, July 6, 2012, a response in opposition to the original Motion in Limine was filed by the Defendants on July 20, 2011 (DE # 66).  This response reiterated the claims made orally during the pretrial conference, and provided additional details, although it omitted the claim that the records had been identified in the initial disclosures.  The Defendants pointed out that the discovery deadline was November 15, 2010, and that as of November 9, 2010, the Plaintiffs had not yet made arrangements to copy the available discovery documents.  Defense counsel also asserted that the Plaintiff made arrangements and obtained production in late November and that all the documents at issue had been produced at that time (DE # 66 at 4).  Moreover, defense counsel stated that there had been no written discovery requests seeking the production of any records with respect to Plaintiff Solorzano (DE # 66 at 2).  In addition, she noted that the documents had been filed in connection with the Defendants' summary judgment response, and that there had been no claim of a discovery violation at that time, nor any motion to strike the documents (DE # 66 at 4).  Plaintiff Solorzano did not file any Reply to this Response.

The trial was continued based upon the medical condition of Defendant Igelko; the related cases were consolidated for trial and new deadlines set for a consolidated pretrial stipulation, motions in limine and pretrial conference; and, the original Motion in

Limine was denied without prejudice (DE # 116).

Thereafter, Plaintiff Solorzano filed the pending Motion in Limine (DE # 134), which is essentially the same as the previously filed motion.  In a new footnote, however, the Plaintiff notes that, at the last pretrial conference, the Court left open the possibility that Defendants could supplement their initial disclosures, but that no supplement was ever filed (DE # 134 at n.1).  A review of the rule regarding supplementation reveals that, even assuming that the challenged documents were not produced in November 2010, the production which occurred on January 7, 2011, when the documents were filed in connection with the Defendants' Response in opposition to Plaintiff's Motion for Partial Summary Judgment (DE # 25), obviated the need for further supplementation.  The duty to supplement initial disclosures is governed by Fed. R. Civ. P. 26(e), which provides, in pertinent part, "A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . in a timely manner . . . if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  In this case, the additional information was made known on January 7, 2011 (DE # 25).  Therefore, no further supplementation was required in order to comply with Rule 26(e).  This determination, of course, does not address the failure to include the documents as part of initial disclosures required to be made prior to the close of discovery.

Moreover, it appears clear, upon further review and considering the Response in opposition to the Motion in Limine, that there was no failure to respond to a discovery request; that the discovery violation alleged is the failure to make initial disclosures.  In this regard, it is significant to note that there was no motion to compel initial disclosures, and that even assuming that Plaintiff did not receive a copy of these

documents prior to the close of discovery, they were received long in advance of the trial.  In this regard, the Scheduling Order entered by the District Judge then presiding over the case, required that a party must seek relief regarding any discovery dispute within 15 days from the date of occurrence of the grounds for relief (DE # 15, Att. A).  Pursuant to Fed. R. Civ. P. 26(a)(1)(C), initial disclosures are required to be made within 14 days after the parties' Rule 26(f) conference, unless otherwise stipulated or ordered by the Court.

Therefore, it appears appropriate to consider further argument before the inclination of the undersigned to exclude the documents, as expressed at the conclusion of the proceedings on Friday, July 6, 2012, is made a final order of the Court.  Moreover, since authenticity of the documents is at issue, if the documents are not excluded as a discovery violation, it appears appropriate to permit the documents to be shown to Plaintiff Solorzano during his cross-examination to determine whether he recognizes them, or his writing is on them.  In this regard, the Court notes that he acknowledged writing his name on one of the documents shown to him on cross-examination, and denied that his writing appeared on others.

The Court will hear argument regarding the scope of further cross-examination prior to the time that Mr. Solorzano resumes his testimony.  The ultimate decision on admissibility of the documents cannot be made until they are offered by the Defendant; however, the Court will hear further argument regarding the motion to exclude the

documents based on the alleged failure to timely produce them as part of the initial

disclosures, on Monday, July 9, 2012.

**DONE AND ORDERED** in chambers in Miami, Florida, on July 8, 2012.

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
All counsel of record